IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN R. GELFAND,                    )
                                    )
        Plaintiff,                  )
                                    )
                                    )          CIVIL ACTION
    v.                              )          FILE NO. 04C 7018
                                    )
NCO FINANCIAL SYSTEMS, INC.,        )
COMMONWEALTH EDISON                 )          JUDGE FILIP
COMPANY and TRANS UNION LLC,        )          MAGISTRATE SIDNEY I. SCHENKIER
                                    )
        Defendants.                 )
_____)

**COMPLAINT TO RECOVER DAMAGES FOR
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND
THE FAIR DEBT COLLECTION PRACTICES ACT AND DEFAMATION OF
CREDIT AND FOR INJUNCTIVE AND RELATED RELIEF
(JURY TRIAL DEMANDED)**

COMES NOW Plaintiff John R. Gelfand ("Plaintiff"), and for his Complaint against Defendants NCO Financial Systems, Inc. ("NCO"), Commonwealth Edison Company ("Commonwealth Edison"), and Trans Union LLC ("Trans Union"; and together with Commonwealth Edison and NCO, the "Defendants"), respectfully shows the Court as follows:

**Parties, Jurisdiction and Venue**

1.      Plaintiff John R. Gelfand is an individual resident of the State of Colorado with a residence address at 759 Dexter Street, Denver, Colorado 80220. Prior to June of 1998, Plaintiff was a resident of the State of Illinois with a residence address at 3630 1/2 N. Wayne Avenue, Chicago, Illinois 60613.

2.      Defendant NCO Financial Systems, Inc., is a Pennsylvania corporation doing business in the State of Illinois that may be served by service upon its registered agent CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604-1101.

3.      Defendant Commonwealth Edison Company is an Illinois corporation that may be served by service upon its registered agent Joan M. Fencik, 19 S. Dearborn Street, 37th Floor, Chicago, Illinois 60603.

4.      Defendant Trans Union LLC is a Delaware limited liability company conducting business in the State of Illinois that may be served by service upon its registered agent Prentice Hall Corporation, 33 North LaSalle Street, Chicago, Illinois 60602.

5.      This Court has subject matter jurisdiction over the claims asserted in this Complaint because, among other things, they arise out of and are related to various statutes of the United States of America.   In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the grounds that this civil action constitutes a controversy between citizens of different states and the amount in controversy exceeds $75,000.

6.      This Court has personal jurisdiction over each of the Defendants.

7.      Venue is proper in this Court pursuant to, among other things, 28 U.S.C. Section 1391.

### Statement of Facts

8.      From September of 1997 until August of 2000, Plaintiff lived at 3630 1/2 N. Wayne Avenue, Chicago, Illinois 60613.

2

9.     While Plaintiff lived in Chicago, he served as landlord with respect to a three-flat building, containing three apartments that were leased to tenants, while Plaintiff lived in a free-standing carriage house located behind the main house.

10.     The three units that were leased by Plaintiff to tenants had separate utility meters and services, and tenants who rented any of these units were required to establish their own accounts with, among other utilities, Commonwealth Edison.

11.     In or about June of 1998, James Jensen and Brian McElligott (collectively, the "Tenant") rented the third floor apartment (the "Apartment") from Plaintiff. The address at the Apartment was 3630 N. Wayne Avenue, a different address than Plaintiff's address. At that time, there was no electrical service at the apartment.

12.     In connection with or shortly after moving into the Apartment, the Tenant established an account with Commonwealth Edison (the "Tenant Account") and arranged for electrical service to be turned on at the Apartment.

13.     Upon information and belief, the Tenant did not receive regular bills for electrical service from Commonwealth Edison due to errors by Commonwealth Edison in setting up, maintaining and processing the Tenant Account.

14.     In or about May of 1999, the Tenant vacated the Apartment.

15.     Commonwealth Edison alleged (but Plaintiff does not admit) that as of 2000, an unpaid balance of $983.73 (as so alleged, the "Tenant Debt") existed with respect to the Tenant Account.

16.     Upon information and belief, Commonwealth Edison retained NCO as its agent to collect the Tenant Debt.

17.     As to all matters alleged in this Complaint, NCO is the agent of Commonwealth Edison and Commonwealth Edison is the principal of NCO.

18.     At the time of retention of NCO by Commonwealth Edison with respect to collection of the Tenant Debt, Commonwealth Edison negligently or intentionally provided to NCO Plaintiff's name and credit information as a party responsible for payment of the Tenant Debt, despite the fact that Commonwealth Edison knew or should have known that Plaintiff did not owe the Tenant Debt.

19.     NCO communicated to Plaintiff a demand or demands that he pay the Tenant Debt despite the fact that NCO knew or should have known that Plaintiff did not owe the Tenant Debt.

20.     Plaintiff learned that Commonwealth Edison and NCO were seeking to hold him responsible for the Tenant Debt and, in 2001, learned that the Tenant Account had been placed on his credit report by Commonwealth Edison or NCO as a collection account.

21.     One of the credit reporting agencies that reported the Tenant Account as a "collection account" and "derogatory item" on Plaintiff's credit report was Trans Union.

22.     In 2001, the existence of the Tenant Account on Plaintiff's credit report as a "collection item" and "derogatory item" caused a mortgage company to charge Plaintiff a higher interest rate with respect to a mortgage loan than would have been charged had the Tenant Account not been erroneously reported on Plaintiff's credit report.

23.     In December of 2001, Plaintiff arranged for a meeting with Chicago's citizen utility board and Commonwealth Edison to try to correct the errors that had been made by Commonwealth Edison and NCO with respect to the Tenant Account.

24.     At a face-to-face meeting held on or about December 20, 2001, Plaintiff presented lease documents and other information to Commonwealth Edison that demonstrated that he did not owe the Tenant Debt.

25.     After the meeting, Commonwealth Edison admitted that Plaintiff did not owe the Tenant Debt.

26.     Plaintiff received a letter from NCO dated December 20, 2001, a true and correct copy of which is attached hereto as Exhibit A (hereinafter, the "NCO Letter").

27.     In the NCO Letter, NCO stipulated and admitted, for itself and on behalf of Commonwealth Edison, that the Tenant Account "was inadvertently reported to the credit bureau."

28.     In the NCO Letter, NCO promised and agreed, for itself and on behalf of Commonwealth Edison, that it would send an update "to the credit bureau to have this information removed."

29.     Despite their admissions, stipulations, assurances and promises, neither Commonwealth Edison nor NCO caused the Tenant Account to be removed from Plaintiff's credit report with Trans Union.

30.     Plaintiff attempted to refinance his home in Denver, Colorado, but was unable to do so due to the existence of the Tenant Account on his credit report maintained by Trans Union.

31.     On or about April 12, 2004, Plaintiff sent a letter dated April 12, 2004, to NCO and others, a true and correct copy of which is attached hereto as Exhibit B (the "Dispute Notice").

32.     The Dispute Notice also was sent by Plaintiff to Trans Union.

33.    In the Dispute Notice, Plaintiff informed the recipients thereof that he did not owe the Tenant Debt and was not responsible for the Tenant Account.

34.    In the Dispute Notice, Plaintiff informed the recipients thereof that NCO had admitted in the NCO Letter, for itself and on behalf of Commonwealth Edison, that Plaintiff did not owe the Tenant Debt.

35.    In the Dispute Notice, Plaintiff informed the recipients thereof of the contents to the NCO Letter, including, without limitation, the fact that NCO had agreed in writing that an "update" would be sent to credit reporting agencies to remove the Tenant Account from Plaintiff's credit report.

36.    In the Dispute Notice, Plaintiff informed the recipients thereof that he had been and was being damaged by the false credit information on his credit report and that continuing to report the Tenant Account on Plaintiff's credit report constituted violations of federal law.

37.    As of August 16, 2004, the Tenant Account still appeared as a "collection account" and "derogatory item" on Plaintiff's Trans Union credit report.

38.    As of the date of filing of this Complaint, upon information and belief, the Tenant Account still appears as a "collection account" and "derogatory item" on Plaintiff's Trans Union credit report.

39.    Plaintiff has sought a new mortgage loan with respect to purchase of a new home in Colorado.

40.    Plaintiff has been informed that he does not qualify for a mortgage loan due to the existence of the Tenant Account on his Trans Union credit report.

41. In addition, Plaintiff has suffered damages as a result of, among other things, being forced to pay higher closing fees and financing charges and having limits placed upon his ability to borrow as a result of the false credit information supplied and published by the Defendants.

### COUNT I
### DAMAGES FOR VIOLATIONS OF
### THE FAIR CREDIT REPORTING ACT
### (Against Commonwealth Edison and NCO)

42. Plaintiff restates and realleges the averments contained in Paragraphs 1 – 41 of this Complaint as is fully set forth herein.

43. Each of Commonwealth Edison and NCO is a furnisher of consumer credit information pursuant to the Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. (the "FCRA").

44. Each of Commonwealth Edison and NCO had a duty under the FCRA to conduct an investigation or investigations and to review all relevant information with respect to the Tenant Account.

45. Each of Commonwealth Edison and NCO determined or should have determined that the information that they had reported with respect to the Tenant Account to consumer reporting agencies, including, without limitation, Trans Union, was incomplete or inaccurate.

46. Each of Commonwealth Edison and NCO had a duty to cause the incomplete or inaccurate information that they had reported to consumer reporting agencies to be corrected in Plaintiff's credit report.

47. The actions and omissions of Commonwealth Edison and NCO in connection with, among other things, (i) seeking to hold Plaintiff liable for the Tenant

7

Debt when they knew or should have known that Plaintiff was not liable for the Tenant Debt, (ii) failing to conduct a reasonable investigation of the status of the Tenant Account, (iii) reporting and continuing to report the Tenant Account as a "collection account" and "derogatory item" on Plaintiff's credit report, and (iv) failing to cause the Tenant Account to be removed from Plaintiff's credit report, breached their duties and constitute violations of the FCRA.

48. The actions and omissions of Commonwealth Edison and NCO were negligent or willful.

49. Commonwealth Edison and NCO knew or should have known that their actions and omissions would cause damage to Plaintiff.

50. The damages suffered by Plaintiff were a foreseeable result of the actions and omissions by Commonwealth Edison and NCO.

51. As a result of the unlawful actions and omissions of Commonwealth Edison and NCO, Plaintiff has suffered actual damages in an amount that exceeds $75,000.

52. In addition to actual damages or statutory damages imposed by 15 U.S.C. Section 1681n, Plaintiff is entitled to recover from of Commonwealth Edison and NCO punitive damages, attorneys' fees and costs.

## COUNT II
## DAMAGES FOR VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against NCO)

53. Plaintiff restates and realleges the averments contained in Paragraphs 1 – 52 of this Complaint as is fully set forth herein.

8

54.     NCO is a debt collector pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (the "FDCPA").

55.     NCO used false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

56.     NCO communicated to another person credit information with respect to Plaintiff that NCO knew or should have known to be false, including the failure to communicate that the information reported with respect to Plaintiff, the Tenant Debt and the Tenant Account was disputed.

57.     NCO used unfair or unconscionable means to collect or to attempt to collect a consumer debt from Plaintiff.

58.     NCO's actions and omissions with respect to Plaintiff, the Tenant Debt and the Tenant Account constitute violations of the FDCPA.

59.     NCO's actions and omissions were negligent or willful.

60.     NCO knew or should have known that its actions and omissions would cause damage to Plaintiff.

61.     The damages suffered by Plaintiff were a foreseeable result of NCO's actions and omissions.

62.     As a result of NCO's unlawful actions and omissions, Plaintiff has suffered actual damages in an amount that exceeds $75,000.

63.     In addition to actual damages, Plaintiff is entitled to recover from NCO additional damages, attorneys' fees and costs as provided in 15 U.S.C. Section 1692k.

## COUNT III
## DEFAMATION OF CREDIT
### (Against All Defendants)

64.     Plaintiff restates and realleges the averments contained in Paragraphs 1 – 63 of this Complaint as is fully set forth herein.

65.     One or more of the Defendants have made false statements with respect to Plaintiff's credit, liability for the Tenant Debt and responsibility for payment of the Tenant Account.

66.     The false statements by the Defendants have been published to others.

67.     The false statements by the Defendants were made with malice, with knowledge that they were false, or with reckless disregard as to whether they were false or not.

68.     It was foreseeable and the Defendants knew or should have known that their false statements with respect to Plaintiff's credit would cause injury to Plaintiff.

69.     As a result of defamation of his credit by the Defendants, Plaintiff has suffered damages in an amount that exceeds $75,000.

## COUNT IV
## INJUNCTIVE RELIEF
### (Against All Defendants)

70.     Plaintiff restates and realleges the averments contained in Paragraphs 1 – 69 of this Complaint as is fully set forth herein.

71.     Plaintiff has no adequate remedy at law and is in danger of suffering irreparable harm and injury as a result of imminent and continuing damage to his credit and his ability to borrow.

72.     Plaintiff is likely to succeed on the merits in this action.

73.     It is necessary and appropriate for the Court to grant to Plaintiff immediate and permanent injunctive relief in the form of an order requiring each of the Defendants to immediately take all actions necessary and appropriate to remove the Tenant Debt and all references to the Tenant Account from all credit reports and similar records relating to Plaintiff.

**COUNT V**
**DEMAND FOR JURY TRIAL**

74.     Plaintiff restates and realleges the averments contained in Paragraphs 1 – 73 of this Complaint as is fully set forth herein.

75.     Plaintiff is entitled to have the claims asserted by him in this Complaint tried by a jury.

76.     Plaintiff hereby demands that the claims asserted by him in this Complaint be tried by a jury.

WHEREFORE, Plaintiff respectfully prays as follows:

(a)     On Count I, that the Court enter judgment in favor of Plaintiff and against Commonwealth Edison and NCO, jointly and severally, in an amount not less than $75,000, or, as applicable, statutory damages, plus punitive damages, attorneys' fees and costs;

(b)     On Count II, that the Court enter judgment in favor of Plaintiff and against NCO in an amount not less than $75,000, plus statutory damages and Plaintiff's attorneys' fees and costs;

(c)     On Count III, that the Court enter judgment in favor of Plaintiff and against each of the Defendants, jointly and severally, in an amount not less than $75,000, plus Plaintiff's attorneys' fees and costs;

11

(d)     On Count IV, that the Court grant to Plaintiff immediate and permanent injunctive relief in the form of an order requiring each of the Defendants to immediately take all actions necessary and appropriate to remove the Tenant Debt and all references to the Tenant Account from all credit reports and similar records relating to Plaintiff;

(e)     On Count V, that all claims asserted by Plaintiff in this Complaint be tried by a jury; and

(f)     That the Court grant to Plaintiff such other and further relief as may be necessary or appropriate in the interests of justice.

Respectfully submitted, this _____ day of October, 2004.

**JAMES S. RANKIN, JR.**
Georgia Bar No. 594620
1566 Cave Rd NW
Atlanta, Georgia 30327
Phone (404) 420-5560
Fax (404) 522-8409

-and-

**MAGGIE AGUILAR**
Illinois Bar No. _____
33 N. Dearborn, Suite 1850
Chicago, Illinois 60602
Phone (312) 236-2286
Fax (312) 236-7373

**ATTORNEYS FOR PLAINTIFF**
**JOHN R. GELFAND**

**EXHIBIT A**

## NCO Financial Systems, Inc.

DATE: DECEMBER 20, 2001

TO:    JOHN GLFAND
       759 DEXTER STREET
       DENVER, CO 80220

RE:    COMMONWEALTH EDISON COMPANY
       ACCT#4406250042
       $986.73

SS:    N/A

TO WHOM IT MAY CONCERN:

PLEASE BE ADVISED THAT THE ABOVE ACCOUNT WAS INADVERTENTLY REPORTED TO THE CREDIT BUREAU. AN
UPDATE WILL BE SENT TO THE CREDIT BUREAU TO HAVE THIS INFORMATION REMOVED.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MATTER, PLEASE FEEL FREE TO CONTACT OUR OFFICE.

SINCERELY,
NCO FINANCIAL SYSTEMS, INC.

CUSTOMER SERVICE
REPRESENTATIVE

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A
DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*101 Overland Drive, North Aurora, IL 60542 • PO Box 66, Aurora, IL 60507 • (630) 897-6700 • Fax: (630) 897-7409*

**EXHIBIT B**

NCO Financial Systems                                          4/12/2004
101 Overland Drive
North Aurora, IL 60542

cc:
Equifax, P.O. Box 740241, Atlanta, GA 30374-0241

Experian, P.O. Box 2104, Allen, TX 75013

Trans Union, P.O. Box 1000, Chester, PA 19022

This letter is to inform you that you are in violation of the Fair Credit Reporting Act and
resolution is required in order to avoid further action. I was wrongly reported to the credit
bureau previously by NCO Financial Systems, Inc. on behalf of Commonwealth
Edison for charges not incurred. On December 20, 2001 I obtained a letter from NCO
stating the charges were wrongly billed to me and that in actuality I owed no debt. The
letter states the charges were inadvertently sent to the credit bureau and that an update to
the credit bureau was being sent to remove the information. The letter I received came
only after involving Chicago's citizen utility board. Incidentally, I had to invest
numerous hours in efforts to resolve this issue. The resolution occurred only after
damages had been inflicted on me due to the fraudulent reporting including, but not
limited to, losing over one half percent on our interest rate on the financing of our home
in 2001.

Once again I am suffering damages for these same egregious charges I do not owe, which
are in violation again of the Fair Credit Reporting Act. Damages this time include, but
are not limited to, being unable to refinance our home on title. A copy of the letter I
received from NCO in 2001, which clearly states these charges are not and never were
mine and admits the charges were wrongly reported in the first place, is attached. Also
note that I have not had any service from Commonwealth Edison since well before this
was initially resolved in 2001 as I no longer live in the area.

Based on recommendation from my attorney, I request the fraudulent information to be
removed from my credit report within ten days of receipt to this letter. At the end of a
ten-day period, I will pull my credit report once again and if any charges related to
Commonwealth Edison exist on one or more credit reports pulled further action will be
taken against all involved parties.

Sincerely,


John R. Gelfand
759 Dexter Street
Denver, CO 80220

*NCO Financial Systems, Inc.*

DATE: DECEMBER 20, 2001

TO:    JOHN GLFAND
       759 DEXTER STREET
       DENVER, CO 80220

RE:    COMMONWEALTH EDISON COMPANY
       ACCT#4406250042
       $986.73

SS:    N/A

TO WHOM IT MAY CONCERN:

PLEASE BE ADVISED THAT THE ABOVE ACCOUNT WAS INADVERTENTLY REPORTED TO THE CREDIT BUREAU. AN UPDATE WILL BE SENT TO THE CREDIT BUREAU TO HAVE THIS INFORMATION REMOVED.

IF YOU HAVE ANY QUESTIONS REGARDING THIS MATTER, PLEASE FEEL FREE TO CONTACT OUR OFFICE.

SINCERELY,
NCO FINANCIAL SYSTEMS, INC.

CUSTOMER SERVICE
REPRESENTATIVE

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

DEC 0 1 2004

**Plaintiff(s): JOHN R. GELFAND**

County of Residence: Denver, Colorado

Plaintiff's Atty:   Maggie Aguilar, Esq.
33 N. Dearborn, Suite 1850
Chicago, IL 60602
(312) 236-2286

**Defendant(s):NCO FINANCIAL SYSTEMS, INC., COMMONWEALTH EDISON COMPANY and TRANS UNION LLC**

County of Residence:

Defendant's Atty:

# 04C 7018

II. Basis of Jurisdiction:      3. Federal Question (U.S. not a party)

*JUDGE FILIP*

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:-2 Citizen of Another State
Defendant:-2 Citizen of Another State

*MAGISTRATE SIDNEY I. SCHENKIER*

IV. Origin :                    1. Original Proceeding

V. Nature of Suit:              890 Other Statutory Actions

VI.Cause of Action:             COMPLAINT TO RECOVER DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.) AND THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.) AND DEFAMATION OF CREDIT AND FOR INJUNCTIVE AND RELATED RELIEF

VII. Requested in Complaint
Class Action:
Dollar Demand:$75,000
Jury Demand:Yes

FILED-EDA
04 NOV -1 PM 2:42
U.S. DISTRICT COURT
CLERK

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _Maggie Aguilar_

Date: _11-1-04_